IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GILVIA VONZELLA WILSON,
Appellant,

v.   Civil Action No. 3:19-cv-88

TRUSTEES UNDER STAN S. CUTLER
REVOCABLE TRUST AGREEMENT,
Appellee.

## OPINION

This matter comes before the Court on appeal from the U.S. Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"). Gilvia Vonzella Wilson challenges the Bankruptcy Court's decision to grant her creditor relief from the automatic stay imposed in her bankruptcy case. The Bankruptcy Court has since dismissed Wilson's case, which terminated the automatic stay. Accordingly, the Court will dismiss this appeal as moot.

### I. BACKGROUND

Wilson filed for bankruptcy under Chapter 13 on December 19, 2017. Wilson's Chapter 13 petition triggered an automatic stay of any collection efforts against property in Wilson's bankruptcy estate.[1] *See* 11 U.S.C. § 362(a). In certain circumstances, a creditor may move for relief from an automatic stay to continue its collection efforts. *See id.* § 362(d). On December 9, 2018, one of Wilson's creditors, the Trustees Under Stan S. Cutler Revocable Trust Agreement (the "Trustees"), moved for relief from the automatic stay as to two parcels of property in Wilson's bankruptcy estate.

---

[1] "[T]he purpose of the automatic stay is two-fold: to preserve the relative positions and rights of creditors as established by the Bankruptcy Code and to protect the debtor, individually, from collection activities." *In re Seaton*, 462 B.R. 582, 591 (Bankr. E.D. Va. 2011).

The Bankruptcy Court granted the Trustees' motion. Wilson appealed that decision to this Court. Since Wilson filed this appeal, the Bankruptcy Court has dismissed her Chapter 13 case.[2]

## II. DISCUSSION

Wilson argues that the Bankruptcy Court erroneously granted the Trustees relief from the automatic stay in her Chapter 13 case. A bankruptcy court may grant a creditor relief from an automatic stay "for cause, including lack of adequate protection." 11 U.S.C. § 362(d); *see also In re McCullough*, 495 B.R. 692, 695 (W.D.N.C. 2013). Creditors who receive relief from an automatic stay may begin or resume debt collection efforts. *See In re James River Assocs.*, 148 B.R. 790, 793 (E.D. Va. 1992).

In this case, the Bankruptcy Court granted the Trustees relief from the automatic stay as to two parcels of property in Wilson's bankruptcy estate. Since Wilson filed this appeal, however, the Bankruptcy Court has dismissed her Chapter 13 case. That dismissal terminated the automatic stay as to the two parcels of property. *See* 11 U.S.C. §§ 362(c)(1), 349(b)(3). Accordingly, the issue presented in this appeal—whether the Bankruptcy Court properly granted the Trustees relief from the automatic stay—no longer gives rise to a live dispute.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009). A district court must dismiss a bankruptcy appeal as moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 123 (D. Md. 2012) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

---

[2] *See In re Gilvia Vonzella Wilson*, No. 17-36405-KLP (Bankr. E.D. Va. July 22, 2019).

2

Here, the Bankruptcy Court dismissed Wilson's Chapter 13 case on July 22, 2019.[3] A dismissal order in a Chapter 13 case dissolves the automatic stay. *See* 11 U.S.C. §§ 362(c), 349(b)(3). Thus, when the Bankruptcy Court dismissed Wilson's Chapter 13 case, Wilson "'lost the protections of the automatic stay' regardless of whether the stay was properly lifted by the Bankruptcy Court." *Glover v. Golden Trestle, LLC*, No. 6:19-cv-940, 2019 WL 5269081, at *5 (D.S.C. Sept. 18, 2019), *report and recommendation adopted*, 2019 WL 5264615 (D.S.C. Oct. 17, 2019) (quoting *Constructivist Found., Inc. v. Bonner*, 254 B.R. 863, 865 (D. Md. 2000)). Accordingly, "whether the stay was properly lifted is moot because, even if the stay should not have been lifted, it terminated when the bankruptcy proceeding was dismissed." *In re Stith*, 139 F.3d 892 (4th Cir. 1998) (table decision). The Court, therefore, must dismiss this appeal as moot.

### III. CONCLUSION

Because this appeal no longer involves a live dispute, the Court will dismiss this appeal as moot.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 6 December 2019
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[3] Wilson did not appeal the dismissal order. *See* Fed. R. Bankr. P. 8002(a)(1) (requiring a party to file a notice of appeal "with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed"). The Bankruptcy Court closed Wilson's case on November 22, 2019.

3